**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

445 HAMILTON AVE, SUITE 605
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

April 25, 2019

**VIA ECF**

Hon. Kenneth M. Karas, U.S.D.J.
United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

**MEMO ENDORSED**

Re: *Tardibuono-Quigley v. HSBC Mortgage Corp. (USA), et al.*,
    **Case No. 15 Civ. 6940 (KMK)(JCM)**

Dear Judge Karas:

    We represent plaintiff Dawn Tardibuono-Quigley ("Plaintiff") in the above-entitled class action. We are pleased to advise the Court that the parties have executed a Stipulation and Agreement of Settlement. Concurrently being filed is a motion for preliminary approval of this class settlement. With respect to that motion, the parties jointly seek leave to file one settlement document under seal, a Termination Percentage Agreement, which is Exhibit 2 to the Declaration of Todd S. Garber ("Garber Decl.").

    The Stipulation and Agreement of Settlement provides defendants with the option to terminate the agreement if a certain percentage of the class members seek to be excluded from the class settlement. The parties believe that, if the actual percentage amount that would trigger this option were made public, this information could be used by class members or their counsel in an improper or collusive manner that might hinder the settlement. For this reason, that specific percentage amount is set forth in a separate Termination Percentage Agreement, and not in the Stipulation and Agreement of Settlement. It is common to file such class settlement termination trigger levels under seal. *See, e.g., Cooper v. Thoratec Corp.*, 2019 WL 1082473, at *1 (N.D. Cal. Mar. 7, 2019); *Slaughter v. Wells Fargo Advisors, LLC*, 2017 WL 3128802, at *13 (N.D. Ill. May 4, 2017); *Friedman v. Guthy-Renker, LLC*, 2016 WL 5402170, at *2-3 (C.D. Cal. Sept. 26, 2016); *Thomas v. Magnachip Semiconductor Corp.*, 2016 WL 3879193, at *6-7 (N.D. Cal. July 18, 2016).

    The filing of the Termination Percentage Agreement under seal is specifically contemplated in the Stipulation and Agreement of Settlement, which provides:

> 10.1  Within five (5) business days after the date set in the Preliminary Approval Order for Class Members to exclude themselves from the Class, the Claims Administrator shall provide Class Counsel and Defendants' Counsel with (a) a schedule (the "Exclusion Schedule") identifying (i) the total number of requests for exclusion the Claims Administrator received; and (ii) the aggregate amount of

{00290853 }

Page 2

>Claim Payments that such Class Members would have been entitled to receive had they been deemed Approved Claimants; and (b) copies of all the exclusion requests received by the Claims Administrator. To the extent that multiple Class Members requesting exclusion from the Class are associated with one Property, they shall, for purposes of calculating the total number of requests for exclusion the Claims Administrator received, be counted as a single request for exclusion. In the event that the Exclusion Schedule shows that the Claims Administrator has received requests for exclusion from a percentage of Class Members equal to or greater than the percentage amount set forth in the concurrently-executed confidential agreement (the "Termination Percentage Agreement"), HSBC shall have the right to terminate the Settlement and this Agreement (the "Exclusion Termination Option").
>
>10.2   Plaintiff and HSBC shall jointly seek leave to file the Termination Percentage Agreement under seal and the Termination Percentage Agreement shall thereafter be filed as part of a motion for preliminary approval of this Settlement. Plaintiff and HSBC believe that filing the Termination Percentage Agreement under seal is necessary in order to prevent improper or collusive efforts by Class Members or their counsel to hinder settlement of the above-captioned action.

Stipulation and Agreement of Settlement (annexed as Garber Decl. Exhibit 1) §§ 10.1 and 10.2.

The Court previously issued a Stipulation Regarding Confidentiality and Protective Order issued by the Court on August 1, 2017 (ECF No. 82), which provides, in relevant part:

>A party that seeks to file under seal any Confidential Information must comply with any and all applicable local or federal rules governing the filing of documents under seal. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. If a party's request to file Confidential Information under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

ECF No. 82 ¶ 28. The parties believe that the Termination Percentage Agreement constitutes Confidential Information and respectfully request that leave be granted to file it under seal.

Respectfully submitted,

s/ Todd S. Garber

Todd S. Garber

cc:   All counsel of record

*[Handwritten:] Based on the caselaw cited, the Court grants the request to file the Termination Percentage Agreement under seal.*

*So Ordered*
*[signature] 5/6/19*

{00290853 }