## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWN TARDIBUONO-QUIGLEY, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HSBC MORTGAGE CORPORATION (USA) and HSBC BANK USA, N.A., <br><br> Defendants. | Case No. 7:15-cv-06940-KMK-JCM |

## ~~[REVISED PROPOSED]~~ JUDGMENT

WHEREAS, this matter came before the Court for hearing on May 20, 2020 (the "Settlement Hearing"), on motion of the Plaintiff in the above-captioned action (the "Action") to, among other things, determine (i) whether the terms and conditions set forth in the Stipulation and Agreement of Settlement dated as of April 24, 2019 (the "Settlement Agreement") and the settlement (the "Settlement") embodied therein, are fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment providing, among other things for the dismissal with prejudice of the Action against all defendants as provided for in the Settlement Agreement, should be entered; and

WHEREAS, the Court, in its Order entered January 9, 2020 (the "Preliminary Approval Order") directed that (i) the Postcard Notice and Reminder Notice, substantially in the form attached as Exhibits E and F, respectively, to the Settlement Agreement, be mailed by first class mail, postage pre-paid, within thirty (30) and sixty (60) calendar days, respectively, following entry of the Preliminary Approval Order (the "Entry Date") to all putative Class Members at the address of each such Class Member as set forth in the Class Members E-File provided by

Defendants or whose address could otherwise be identified through such reasonable efforts of the Settlement Administrator as specified in the Settlement Agreement, provided that no Reminder Notice was required to be mailed to certain putative Class Members if the conditions specified in the Preliminary Approval Order had been met; and (ii) a Website Notice and Proof of Claim, substantially in the form attached as Exhibits D and G, respectively, to the Settlement Agreement, be posted within thirty (30) calendar days following the Entry Date on the Settlement Website, which Settlement Website the Settlement Administrator was directed to create within thirty (30) calendar days following the Entry Date; and

WHEREAS, each of the Postcard Notice, Reminder Notice, and Website Notice (collectively, the "Class Notice") advised putative Class Members of (a) the dates for filing (i) a request to exclude themselves from the proposed Class; (ii) any objections to the Settlement, Class Counsel's application for an award of Class Counsel Fees or the Class Representative's request for a Service Award; and (iii) a Proof of Claim; and (b) the manner and method of making each such filing or identified where such information could be obtained; and

WHEREAS, the provisions of the Preliminary Approval Order as to notice were complied with; and

WHEREAS, on April 29, 2020, the Class Representative moved for final approval of the Settlement and for the award of a Service Award, as set forth in the Preliminary Approval Order; and

WHEREAS, on April 29, 2020, Class Counsel moved for an award of Class Counsel Fees, as set forth in the Preliminary Approval Order; and

WHEREAS, the Settlement Hearing was duly held before this Court on May 20, 2020, at which time all interested persons and entities were afforded the opportunity to be heard; and

WHEREAS, this Court has considered all matters submitted to it at the Settlement Hearing and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.      The Settlement Agreement is incorporated by reference in this Judgment as though fully set forth herein.  All capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members and the Settlement Administrator.

3.      Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Action is hereby finally certified as a class action on behalf of the following:

(a) All persons who, between July 31, 1992 and December 31, 2000, entered into a mortgage agreement with HSBC Mortgage Corporation (USA) and/or HSBC Bank USA, N.A., concerning the purchase of a residential property in New York that is not part of a cooperative, and who, at any time between September 2, 2012 and December 31, 2017, were assessed fees by HSBC Mortgage Corporation (USA), HSBC Bank USA, N.A., and/or any of their agents, for property inspections and/or broker price opinions;

(b) All persons who entered into a security agreement with HSBC Mortgage Corporation (USA) and/or HSBC Bank USA, N.A., concerning the purchase of a unit in a New York cooperative, and who, at any time between September 2, 2012 and December 31, 2017, were assessed fees by HSBC Mortgage Corporation

(USA), HSBC Bank USA, N.A., and/or any of their agents, for property inspections and/or broker price opinions;

(c) All persons who, during the relevant period as set forth in the attached Exhibit A, entered into a mortgage agreement or security agreement with HSBC Mortgage Corporation (USA) and/or HSBC Bank USA, N.A., concerning the purchase of residential property in a state other than New York, and who, at any time between September 2, 2012 and December 31, 2017, were assessed fees by HSBC Mortgage Corporation (USA), HSBC Bank USA, N.A., and/or any of their agents, for property inspections; and

(d) All persons who, during the relevant period as set forth in the attached Exhibit A, entered into a mortgage agreement or security agreement with HSBC Mortgage Corporation (USA) and/or HSBC Bank USA, N.A., concerning the purchase of residential property in a state other than New York, and who, at any time between September 2, 2012 and December 31, 2017, were assessed fees by HSBC Mortgage Corporation (USA), HSBC Bank USA, N.A., and/or any of their agents, for Broker Price Opinions that satisfies the Specified Criteria set forth in Section 2.33 of the Settlement Agreement.

Excluded from the Classes are Defendants, their parents, subsidiaries, affiliates, officers and directors, any entity in which Defendants have controlling interest, all Class Members who make a timely election to be excluded, and all judges assigned to hear any aspect of this litigation as well as their immediate family members.

4.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class she seeks to represent; (d) the Class Representative and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, plaintiff Dawn Tardibuono-Quigley is certified as the Class Representative and D. Gregory Blankinship, Todd S. Garber, and Bradley F. Silverman of the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber LLP are certified as Class Counsel.

6.      Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Class Notice, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order.  The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States.  Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Class Members, advising them of the Settlement and of their right to exclude themselves from the Class, to submit a Proof of Claim for a Claim Payment and to object to the

Settlement, and a full and fair opportunity was accorded to all persons and entities who are Class Members to be heard with respect to the foregoing matters.  Thus, it is hereby determined that all Class Members who did not timely and properly elect to exclude themselves by written communication postmarked or otherwise delivered on or before the date set forth in the Preliminary Approval Order and the Class Notice are bound by this Order and Judgment.

8.     This Court finds that the persons and entities identified on Exhibit A hereto timely filed a properly completed written request to exclude themselves from the Class, pursuant to the procedures set forth in the Preliminary Approval Order. Accordingly, all such persons and entities are hereby excluded from the Class, shall not be bound by the terms of this Order and Judgment and shall not be entitled to the receipt of any Claim Payment.

9.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Settlement Agreement, and finds that Settlement, including but not limited to the terms of the Settlement Agreement governing the Claim Payments to be paid to Approved Claimants and the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims, and the distribution of Claim Payments to Approved Claimants, is, in all respects, fair, reasonable, and adequate, and in the best interests of the Class Members, including the Class Representative, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, and the terms of the proposed award of attorney's fees and expenses, including timing of payment; and the Settlement treats class members equitably relative to each other.  This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Settling Parties; it was negotiated with the assistance of an

experienced, independent mediator; and that Class Counsel has concluded that the proposed Settlement is fair, reasonable, and adequate.

10.     Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

11.     The Action and all claims asserted therein are dismissed with prejudice and without costs, as such costs are identified in 28 U.S.C. § 1920.

12.     Upon the Effective Date, the Plaintiff, Class Representative, and each Settlement Class Member, on behalf of themselves, and each of their heirs, executors, trustees, administrators, beneficiaries, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law (a) to have released, waived, discharged and dismissed each and every of the Settled Claims against the Released Parties; (b) shall forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) shall not institute, continue, maintain or assert, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

13.     Class Counsel are hereby awarded attorneys' fees of $817,500.00 and expense reimbursement in the amount of $133,394.19 (collectively, "Class Counsel Fees"), which sums the Court finds to be fair and reasonable.  In making this award, the Court has considered and found that:

(a)     The Class Notice advised that Class Counsel would move for an award of attorneys' fees of no more than $817,500.00 and reimbursement of expenses of no more than $135,000.00, which Defendants would not challenge, and no objections were filed against the terms of the proposed Settlement or the ceiling on the award of attorneys' fees and expenses disclosed in the Class Notice;

(b)     The Action involves complex factual and legal issues, were actively prosecuted and, in the absence of the Settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(c)     D. Greg Blankinship, Todd S. Garber, Bradley F. Silverman, and their firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP skillfully and zealously pursued the Action on behalf of the Class Representative and the Class;

(d)     The hourly rates charged by Class Counsel are reasonable;

(e)     Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representative and the Class would recover less or nothing from the Defendants; and

(f)     The amount of attorneys' fees awarded herein are consistent with awards in similar cases.

14.     The Class Counsel Fees awarded herein shall be paid by Defendants pursuant to Section 8.5 of the Settlement Agreement.

15.     The Court finds that an award to the Class Representative for her time and effort in representing the Class in the prosecution of the Action is fair and reasonable, and thus awards her a Service Award in the amount of $5,000.00.  The Service Award shall be paid by Defendants pursuant to Section 8.8 of the Settlement Agreement.

16.     Defendants shall pay to the Settlement Administrator, consistent with the terms of the engagement agreement to be entered with the Settlement Administrator pursuant to Section 8.9 of the Settlement Agreement, all Settlement Administration Costs.

17.     This Order and Judgment, the Settlement Agreement, any of its terms and provisions, any of the negotiations or proceedings connected with it, and any of the documents or statements referred to therein:

a.     shall not be offered or received against any of the Defendants or any other Released Party as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or Released Parties with respect to the truth of any fact alleged by the Class Representative or the validity of any claim that was or could have been asserted against any of the Defendants or Released Parties in this Action or in any litigation, or of any liability, fault, misconduct or wrongdoing of any kind of any of the Defendants or Released Parties;

b.     shall not be offered or received against any of the Defendants or Released Parties as evidence of a presumption, concession or admission of any liability, fault, misconduct or wrongdoing by any of the Defendants or the Released Parties or against the Class Representative or any Settlement Class Members as evidence of any infirmity in the claims of the Class Representative or the other Settlement Class Members;

c.     shall not be offered or received against any of the Defendants or Released Parties, or against the Class Representative or any other Settlement Class Members, as evidence of a presumption, concession or admission with respect to any liability, fault, misconduct or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Defendants or Released Parties, in any other civil, criminal or administrative action or proceeding,

other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement and this Order and Judgment; provided, however, that Defendants or any of the other Released Parties may refer to this Order and Judgment and the Settlement Agreement to effectuate the protection from liability granted them thereunder;

       d.     shall not be construed against any of the Defendants or Released Parties, or against the Class Representative or any other Settlement Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

       e.     shall not be construed against the Class Representative or any other Settlement Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Complaints or Amended Complaints in this Action would not have exceeded the aggregate of the Claim Payments to which Settlement Class Members are entitled under the terms of this Agreement.

18.     No Settlement Class Member shall have any claim against the Class Representative, Class Counsel, the Defendants, the Released Parties, the Defendants' Counsel or the Settlement Administrator based on, arising out of, or related to the amount of the Claim Payment to be paid to Approved Claimants, the procedures for submission of Proof of Claims, the review and determination of the validity of such Proof of Claims and the distribution of Claim Payments to Approved Claimants that are set forth, made or effected substantially in accordance with the Settlement Agreement and the Settlement embodied therein or further order of the Court.

19.     The Court reserves jurisdiction, without affecting in any way the finality of this Order and Judgment, over (a) the implementation and enforcement of this Settlement; (b) the allowance, disallowance, or adjustment of any Approved Claimant's claim; (c) enforcing and

administering this Order and Judgment; (d) enforcing and administering the Settlement Agreement, including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

20.     In the event that this Order and Judgment does not become Final or the Settlement is terminated pursuant to the terms of the Settlement Agreement, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement, and shall be vacated to the extent provided by the Settlement Agreement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Settling Parties shall be deemed to have reverted to their respective status in the Action immediately prior to May 15, 2018.

21.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     There is no just reason for delay in the entry of this Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: May __21__, 2020

_____
HONORABLE KENNETH M. KARAS, U.S.D.J.

## <u>EXHIBIT A</u>

Lynn R. Fike